J-S20032-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| RAYSHAWN HALL | : | |
| Appellant | : | No. 1141 WDA 2021 |

Appeal from the PCRA Order Entered August 16, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004461-2017

BEFORE: NICHOLS, J., MURRAY, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED: October 13, 2022**

Appellant, Rayshawn Hall, appeals *pro se* from the order entered in the Allegheny County Court of Common Pleas, which denied his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The facts and procedural history of this matter are as follows. On June 19, 2018, Appellant pled guilty to rape, involuntary deviate sexual intercourse, sexual assault, strangulation, and simple assault. Consistent with the plea agreement, the trial court sentenced Appellant to 8 to 16 years' imprisonment for rape, with no further penalty imposed at the remaining counts. Appellant did not file a post-sentence motion or direct appeal.

On July 9, 2020, Appellant filed his first PCRA petition *pro se*. The court

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

appointed counsel, who filed a motion to withdraw and no-merit letter on September 4, 2020. On September 17, 2020, the court issued notice of its intent to dismiss the petition per Pa.R.Crim.P. 907, and granted counsel's petition to withdraw.

Before the court formally denied relief on his first PCRA petition, Appellant filed a **second** *pro se* PCRA petition on August 3, 2021.[2] The court dismissed the **first** PCRA petition on August 16, 2021. Appellant filed a timely notice of appeal. The court did not order Appellant to file a concise statement of errors complained of on appeal, and Appellant filed none.

Appellant raises the following four issues on appeal:

> Whether the record is ripe for appellate review when the PCRA court based its ruling on an outdated no-merit letter and corresponding criminal Rule 907 notice where the documents: (1) were filed in a prior PCRA proceeding; (2) did not address the new facts pled in the present PCRA proceeding; and (3) did not conform to criminal Rule 907?
>
> Whether the PCRA court erred by failing to file an opinion in conformity with appellate Rule 1925(a)?
>
> Whether the PCRA court erred in determining the instant PCRA proceeding is patently untimely where Appellant: (1) pled facts which were previously unknown; and (2) proved that the relevant facts could not have been ascertained earlier through the exercise of due diligence?
>
> Whether the PCRA court abused its discretion by refusing to hold an evidentiary hearing where Appellant presented

---

[2] The court initially denied the **second** PCRA petition on October 8, 2021. However, the court subsequently withdrew that order, and on November 5, 2021, the court stayed its ruling on the second PCRA petition pending the resolution of the instant appeal.

> disputed material facts which would support claims for collateral relief if properly developed on the record?

(Appellant's Brief at 3) (unnecessary capitalization omitted).

As a preliminary matter, we observe that Appellant's issues all relate to claims relevant to Appellant's **second** PCRA petition, because Appellant seems to be under the mistaken belief that the court denied his second PCRA petition.[3] As Appellant's issues are unrelated to those advanced in his first PCRA petition, he has abandoned any issues related to his **first** PCRA petition in the current appeal.[4] Therefore, we affirm the PCRA court's denial of Appellant's first PCRA petition.

Order affirmed.

_____

[3] (**See** Appellant's Brief at 11-12) (stating: "Instantly, the PCRA [c]ourt did not issue a Rule 907 Notice in response to [Appellant's] **subsequent** PCRA proceeding…. [T]he PCRA [c]ourt failed to take account that this was a **subsequent** PCRA proceeding") (emphases in original); (**id.** at 13) (stating "this case must be remanded for an appropriate determination of the facts and substance raised in [Appellant's] … subsequent PCRA petition"); (**id.** at 14) (stating: "The only record document related to dismissal of Appellant's [second] PCRA petition is the [c]ourt's August 16, 2021, Order denying post-conviction relief"); (**id.** at 18) (stating, incorrectly, that first PCRA petition was dismissed September 17, 2020 [which was the date the court issued Rule 907 notice], and successive PCRA petition was dismissed August 16, 2021).

[4] We note that Appellant's second PCRA petition, filed August 3, 2021, is still pending before the PCRA court. If that petition is ultimately dismissed, Appellant may timely appeal from that order raising the issues he has set forth here.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2022